# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA L. JORDAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant.[1] ) | Case No. 06 C 4541 <br> Magistrate Judge Nan R. Nolan |

## MEMORANDUM OPINION AND ORDER

This action seeks review of the Commissioner's decision that Plaintiff Patricia L. Jordan was not entitled to disability insurance benefits. Defendant Commissioner of Social Security moves for a remand and entry of judgment pursuant to sentence four of 42 U.S.C. § 405(g), and Jordan moves for a remand pursuant to sentence six of 42 U.S.C. § 405(g). For the reasons stated, Defendant's Motion for Remand and Entry of Judgment [14] is granted in part as to the request for a remand and denied in part as to the request for an order reversing the Commissioner's decision and for a remand pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's Cross Motion [22] is granted.

## DISCUSSION

The Commissioner moves to remand this case for further administrative proceedings to "allow an ALJ to evaluate the finality of the denial of Plaintiff's prior claim under Social

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the Defendant in this action.

Security Ruling 91-5p, to more fully evaluate the medical expert's testimony in accordance with Social Security Ruling 83-20, and to give further consideration to Plaintiff's alleged mental impairments." Def's Reply at 3. Jordan agrees that a remand is appropriate but argues that it should be pursuant to sentence six of 42 U.S.C. § 405(g), rather than sentence four.

Section 405(g) provides for only two types of remands: sentence four and sentence six. Melkonyan v. Sullivan, 501 U.S. 89, 99-102 (1991). Sentence four authorizes a court to enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Under sentence four, the court enters judgment after reviewing the merits. Sentence six remands, on the other hand, are "ones in which the district court 'does not rule in any way as to the correctness of the administrative determination.'" Richmond v. Chater, 94 F.3d 263, 269 (7th Cir. 1996) (citing Melkonyan, 501 U.S. at 98). Sentence six of 42 U.S.C. § 405(g) provides in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). Thus, "[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993).

All the requirements of a remand under the first clause of sentence six are met here. The Commissioner filed a motion for remand before answering and has shown good cause by conceding that remand is appropriate (1) "to allow the ALJ to evaluate whether at the time Plaintiff's prior application was denied in October 1997, Plaintiff had mental limitations which made her unable to understand the procedures for requesting review of that determination and whether the prior determination may be reopened," (2) "on the issue of whether Plaintiff was disabled prior to the expiration of the DIB insured status on September 30, 1996," and (3) "to allow the ALJ to more fully evaluate the medical expert's testimony in light of the documentary evidence and the testimony at the hearing, and with particular consideration of the provisions of SSR 83-20." Def's Memo. at 3-5. The Commissioner's filing of an untimely Answer (see Doc. #s 11, 13, and 25) two months after filing her motion for remand does not alter the Court's finding that the requirements of the first clause of sentence six are satisfied.

The Commissioner raises two main arguments in support of her request for a sentence four remand. First, the Commissioner argues that the Court should reverse the ALJ's decision because she filed the administrative record to assist the Court in determining whether a sentence four remand is appropriate and she set out substantive reasons why the case should be remanded in her memorandum. Second, she contends that sentence six remands should be limited to cases involving procedural difficulties. Neither argument is persuasive.

Sentence four remands follow a substantive ruling by the court. This Court rejects the Commissioner's invitation to review the correctness of the ALJ's decision in this case. Like most other courts that have considered this issue, the Court sees no good reason–

and the Commissioner offers none–to independently review the record and make a substantive ruling as to whether the ALJ's decision is supported by substantial evidence where the parties agree to a remand. "[F]orcing the district court to issue a substantive ruling on the merits where both parties agree to the remand would impose a 'burden on the district courts to make rulings where none are required contrary to generally accepted principles of jurisprudence,' or in the alternative, invite the court to silently assist the Commissioner in making a substantive ruling." Hanson v. Chater, 895 F.Supp. 1279, 1284 (N.D. Iowa 1995); see also Guidry v. Barnhart, 2006 WL 2583312 (M.D. La. May 30, 2006); Seaborn v. Sullivan, 822 F.Supp. 121, 124-25 (S.D. N.Y. 1993) (holding where "both parties seek to remand, the court need not assess the merits of plaintiff's claim or defendant's decision to refuse benefits" or "decide whether the ALJ's written decision is flawed for the reasons proffered by defendants."); Tucunango v. Sullivan, 810 F.Supp. 103 (S.D. N.Y. 1993); Correa v. Sullivan, 1992 WL 367116, at *3 (S.D. N.Y. Nov. 24, 1992). Here, where the requirements of sentence six are clearly satisfied, the Court declines to evaluate the merits of the Commissioner's decision to deny Jordan's application for disability insurance benefits.

The Court also rejects the Commissioner's contention that sentence six remands are intended to address procedural-type issues and not to resolve substantive issues. The Commissioner relies on legislative history to support her argument. The House conferees noted:

> [T]here are sometimes procedural difficulties which prevent the [Agency] from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the

> claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Agency] for appropriate action to produce a record which the courts may review under [42 U.S.C. § 405(g)].

H.R. Conf. Rep. 96-944, 1980 U.S.C.C.A.N. 1392, 1407 (May 13, 1980). There is no indication in the portion of the legislative history relied on by the Commissioner that "procedural difficulties" are meant to be the exclusive means of demonstrating good cause under the first part of sentence six. Rather, the legislative history's examples of a lost or inaudible tape or lost or incomplete claimant file are used only as illustration. See Tucunango, 810 F.Supp. at 106 (holding that "the legislative history of the 1980 amendments to § 405(g) does not indicate that sentence six remands are limited to those motions resulting from technical flaws in the administrative process that made the Secretary unable to produce the transcript of the administrative record."); Correa, 1992 WL 367116, at * 2 (stating "[t]he legislative history does not suggest that the examples cited by the Secretary, which involve technical, rather than substantive, flaws in the administrative hearing, are exclusive.").

Moreover, the Social Security Administration (SSA) has expressly rejected the Commissioner's current position regarding the scope of the first clause of sentence six. In responding to a public comment regarding sentence six, the SSA opined that the good cause requirement of the first part of sentence six is not limited to procedural difficulties. The SSA stated:

> We do not, however, agree that the first clause of sentence six of § 205(g) must be construed in the restrictive manner suggested by the commenter, who believed that sentence six allows remands prior to the filing of the answer only in "very narrow circumstances, such as when a hearing transcript cannot be prepared." The first clause of sentence six expressly allows the court to remand cases for further proceedings "for good cause shown." It neither delineates nor limits the circumstances which may be

sufficient for a demonstration of good cause. Moreover, the legislative history of this provision recognizes the type of procedural difficulty suggested by the commenter to be an example of "good cause," not an exclusive delineation of the circumstances that may constitute good cause. H.R. Conf. Rep. No. 944, 96th Cong., 2d Sess. 58-59 (1980). Significantly, virtually every court which has addressed the issue has held that the defining characteristic of a sentence six, clause one remand lies in the timing of the remand request, not in its characterization as either substantive or technical, i.e., if the remand is requested by the Commissioner prior to the filing of his answer, it falls under sentence six, and if the Commissioner's request is made subsequent to the filing of an answer, if may fall under sentence four.

62 FR 49598, at 49601 (Sept. 23, 1997). Because the Court believes the above interpretation of the plain language of the first clause of sentence six is the correct one, it rejects the Commissioner's argument that sentence six remands should be limited to non-substantive issues.

**CONCLUSION**

For these reasons, this case is remanded to the Commissioner pursuant to the first clause of sentence six of 42 U.S.C. § 405(g). On remand, the ALJ shall: (1) evaluate the finality of the denial of the claimant's prior claim under the provisions of Social Security Ruling 91-5p regarding mental incapacity and good cause for missing deadlines to request review. If possible, the prior application filed in June 1997 will be obtained to assist in this consideration; (2) more fully evaluate the medical expert's testimony in light of the evidence in the record and the provisions of Social Security Ruling 83-20, regarding the inference of a date of disability onset, and provide adequate reasons for the weight given to the medical expert's opinion; (3) consider the claimant's alleged mental impairments pursuant to the requirements of 20 C.F.R. § 404.1520a; (4) if needed, obtain additional medical expert testimony and lay testimony regarding Plaintiff's functional limitations prior to the expiration of her disability insurance benefits (DIB) insured status; and (5) if the ALJ

determines that Plaintiff was disabled before her DIB insured status expired, obtain a consultative medical examination and/or vocational expert testimony on the issue of whether Plaintiff has been continuously disabled since that time.

Following the remand, the Commissioner shall return to this Court to "file with the court any such additional and modified findings of fact and decision" and if the Commissioner has not made a decision fully favorable to Jordan, "a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." 42 U.S.C. § 405(g).

**E N T E R:**

*[signature: Nan R. Nolan]*

**Nan R. Nolan
United States Magistrate Judge**

**Dated: February 21, 2007**